United States District Court
for the
Southern District of Florida

| Rene Ruiz, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-25102-Civ-Scola |
| | ) |
| Experian Information Solutions, | ) |
| Inc., and others, Defendants. | ) |

### Order on Defendants' Motions to Dismiss

This matter is before the Court on Defendants Executive Affiliates, Inc. d/b/a/ Grove at Turtle Run and Sutton Place at Turtle Run, LTD d/b/a/ Grove at Turtle Run's (collectively, the "Grove's") motion to dismiss (ECF No. 10) and Defendant Hunter Warfield, Inc.'s ("Hunter's") motion to adopt Defendant Grove's motion to dismiss (ECF No. 13). For the reasons set forth below, the Court grants Defendant Hunter's motion to adopt, grants Defendant Hunter's motion to dismiss Count Two of the Complaint, and denies as moot Defendant Grove's motion to dismiss.

1. **Background**

The Complaint alleges that on or about January 24, 2015, the Plaintiff visited the Grove at Turtle Run, an apartment complex, for a tour. (Compl. ¶ 38, ECF No. 1.) The Plaintiff decided to rent an apartment at the Grove, paid a $250 application fee, and signed an application to rent a particular unit. (*Id.* ¶ 39.) The application stated that "The applicant applies for and offers to execute a Lease at a monthly rental amount of $1,524." (*Id.* ¶ 42.) The application provided for liquidated damages in the amount of one month's rent in the event the application was approved and the applicant did not sign a lease. (*Id.* ¶¶ 43-44.)

The Complaint alleges that the Grove denied the Plaintiff's application based on the Plaintiff's credit report, and advised the Plaintiff that he must pay an additional deposit of $1,464 before move-in due to the results of the background check. (*Id.* ¶ 45.) The Plaintiff could not afford to pay the additional deposit, and declined to execute a lease. (*Id.* ¶ 47.) On March 3, 2015, the Grove demanded that the Plaintiff pay liquidated damages of one month's rent, in the amount of $1,524, for failure to execute the lease. (*Id.* ¶ 48.) The Plaintiff and his wife contested the damages since the Grove had

denied the Plaintiff's rental application under the original terms. (*Id.* ¶ 49.) The Grove then assigned or sold the debt to Defendant Hunter. (*Id.* ¶ 50.)

On March 13, 2015, the Plaintiff received a letter from Hunter demanding payment of the debt. (*Id.* ¶ 41.) Hunter then reported a past due debt of $1,524 on the Plaintiff's credit report. (*Id.* ¶ 57.) The Plaintiff disputed the debt in writing to Defendant Experian Information Solutions, Inc., who in turn relayed the dispute to Hunter and the Grove. (*Id.* ¶ 58.) Hunter and the Grove verified the debt. (*Id.* ¶ 59.) In July 2016, the Plaintiff received another collection letter from Hunter, and the Plaintiff again disputed the debt with Experian. (*Id.* ¶¶ 62-63.) In August 2016, Experian reported to the Plaintiff that it had investigated the negative account and that it would remain on the Plaintiff's credit report. (*Id.* ¶ 64.)

On December 8, 2016, the Plaintiff filed this suit against Experian, Hunter, and the Grove. With respect to Hunter, the Plaintiff asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), the Florida Consumer Collection Practices Act, Fla. Stat. Ch. 559 (the "FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). On January 17, 2017, Hunter filed its answer to the Complaint (ECF No. 9) and the Grove filed a motion to dismiss (ECF No. 10). On January 30, 2017, Hunter filed a motion to adopt Defendant Grove's motion to dismiss (ECF No. 13). On March 7, 2017, the Plaintiff notified the Court that he had reached a settlement with the Grove (ECF No 20).

2. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion asserting a defense of failure to state a claim upon which relief can be granted must be made before pleading if a responsive pleading is allowed. Here, Hunter did not file its motion to adopt Defendant Grove's motion to dismiss for failure to state a claim upon which relief can be granted until almost two weeks after it filed its responsive pleading. However, the Eleventh Circuit has held that, where a party has preserved the defense of failure to state a claim by raising it in its answer, the Court may construe an untimely Rule 12(b)(6) motion as one seeking judgment on the pleadings under Rule 12(c). *Whitehurst v. Wal-Mart Stores East, L.P.*, 329 Fed. App'x. 206, 208 (11th Cir. 2008). In its answer, Hunter asserted as its first affirmative defense that each of the causes of action in the Complaint fail to allege facts sufficient to state a claim. (Answer at ¶ 114, ECF No. 9.) Thus, the Court will construe Defendant Hunter's motion to adopt Defendant Grove's motion to dismiss as a motion for judgment on the pleadings. The Court notes that the Plaintiff has not filed an opposition to Hunter's motion to adopt.

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010). A court ruling on a 12(c) motion must "accept all the facts in the complaint as true and view them in the light most favorable to the nonmoving party." *Id*. A motion for judgment on the pleadings is subject to the same analysis as a motion to dismiss pursuant to Rule 12(b)(6). *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

### 3. Analysis

Defendant Hunter joins in Defendant Grove's motion to dismiss with respect to Count Two of the Complaint, which asserts a claim against Defendant Hunter under the FCCPA. (Mot. to Join at 2, ECF No. 13.) Hunter asserts that the Plaintiff has not sufficiently alleged that it knew that the debt was illegitimate. (*Id.* at 2.) Alternatively, Hunter asserts that the FCCPA is preempted by the Fair Credit Reporting Act. (*Id.*)

Specifically, the Complaint asserts that Hunter violated Florida Statute § 559.73(9), which states that those attempting to collect consumer debts are not permitted to: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Section 559.72(9) requires proof of actual knowledge. *Prescott v. Seterus, Inc.*, 635 Fed. App'x. 640, 646 (11th Cir. 2015) (quoting *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 n. 12 (11th Cir. 2010)). "Courts have found factual allegations to be sufficient at the dismissal stage in. . . cases where, prior to discovery, [p]laintiff could only allege circumstantial facts to demonstrate [d]efendant's actual knowledge of an FCCPA violation." *Blake v. Seterus, Inc.*, No. 16-21225, 2017 WL 543223, at *3 (S.D. Fla. Feb. 9, 2017) (King, J.) (citations omitted) (holding that the plaintiff's allegation "that it was the defendant's regular practice to include unincurred, estimated costs in the reinstatement amount" despite the fact that the mortgage agreement and servicing guidelines prohibited such conduct was sufficient to allege actual knowledge under the FCCPA).

Here, the Plaintiff alleges that "Hunter knew it was not entitled to collect the alleged debt because Plaintiff disputed the alleged debt and it is charged with knowledge of the terms of the application." (Compl. ¶ 85, ECF No. 1.) Constructive knowledge is insufficient to establish knowledge under the

FCCPA, and thus the Plaintiff's allegation that Hunter is "charged with knowledge of the terms of the application" is not enough to state a claim under the FCCPA. *See Schauer v. Morse Operations, Inc.*, 5 So.3d 2, 6 (Fla. 4th Dist. Ct. App. 2009) (noting that the FCCPA "does not provide for recovery if the creditor merely should have known the debt was not legitimate.") In addition, the fact that the Plaintiff disputed the debt is insufficient to allege that Hunter had actual knowledge that the debt was illegitimate. At most, the Plaintiff has alleged facts sufficient to demonstrate that Hunter knew that the debt was disputed, but he has failed to allege facts sufficient to demonstrate, even circumstantially, that Hunter actually knew that the debt was illegitimate.

### 4. Conclusion

Accordingly, the Court **grants** Defendant Hunter's motion to adopt Defendant Grove's motion to dismiss **(ECF No. 13)**, and **dismisses** Count Two of the Complaint against Hunter without prejudice. The Court **denies as moot** Defendant Grove's motion to dismiss **(ECF No. 10)**.

If the Plaintiff wishes to correct the deficiencies in the Complaint, he may file an amended complaint on or before **April 26, 2017**.

**Done and ordered** at Miami, Florida on April 14, 2017.

_____
Robert N. Scola, Jr.
United States District Judge